IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMIE M. BAKER | ) |
| | ) |
| v. | ) NO. 3-13-0657 |
| | ) JUDGE CAMPBELL |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND | ) |
| DAVIDSON COUNTY, et al. | ) |

MEMORANDUM

Pending before the Court are Defendant Hall's Motion to Dismiss (Docket No. 10), Motion to Strike (Docket No. 16), and Motion to Stay (Docket No. 24). For the reasons stated herein, Defendant Hall's Motion to Dismiss (Docket No. 10) is GRANTED, and all claims against Defendant Hall individually are DISMISSED.

Defendant Hall's Motion to Strike (Docket No. 16) is DENIED, and Defendant Hall's Motion to Stay (Docket No. 24) is DENIED as moot.

FACTS

Plaintiff has sued Defendants for the alleged violation of her constitutional rights, asserting that Defendants were deliberately indifferent to her serious medical needs and provided inadequate medical care to her when she was an inmate in the Davidson County Jail. Defendant Hall is the Sheriff of Davidson County, Tennessee, and is sued in his individual capacity only.

Defendant Hall has moved to dismiss Plaintiff's claims against him, arguing that, in accordance with a contract between Defendant Metropolitan Government of Nashville/Davidson County ("Metro") and Defendant Correct Care Solutions, Inc. ("CCS"), Hall had no personal

responsibility for monitoring the provision of health care services to inmates and he is immune from Plaintiff's state law claims.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PLAINTIFF'S FEDERAL CLAIMS

Plaintiff claims that Defendant Hall is under a statutory duty to maintain the Davidson County Jail and under a constitutional obligation to provide adequate medical care to inmates. Defendant Hall agrees that he is responsible for supervision and administration of the jail, but he contends that he is not responsible for the medical staff. Defendant asserts that Metro, through the Metro Health Department, contracts with Defendant CCS to provide medical care in the jail. Docket

No. 10-1.[1] Defendant Hall is not a party to that contract and has no obligation thereunder. Moreover, the Metro Charter and other Tennessee laws place responsibility for monitoring the provision of health care services to inmates upon the Metro Department of Health. Docket No. 10-2.[2]

It is well settled that a defendant cannot be held liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817, n.3 (6th Cir. 2005); *Faulkner v. Corizon Health Care Corp.*, 2013 WL 3465293 at * 4 (M.D. Tenn. July 10, 2013). Here, there is no allegation that Defendant Hall was personally involved with the provision of medical care or lack thereof. Moreover, the public documents show that Defendant Hall does not have the responsibility of contracting with or monitoring the decisions of medical care providers in the jail.

For these reasons, Defendant Hall's Motion to Dismiss the federal claims against him is granted, and those claims are dismissed.

## PLAINTIFF'S STATE LAW CLAIMS

Defendant Hall also argues that he is immune from Plaintiff's state law negligence claims pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA").

---

[1] A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment. *Lynch v. Leis*, 382 F.3d 642, 648, n.5 (6th Cir. 2004); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

[2] It is not unconstitutional for municipalities to hire independent medical professionals to provide on-site health care to prisoners in their jails. *Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004). Nor is it unconstitutional for municipalities and their employees to rely on medical judgments made by medical professionals responsible for prisoner care. *Id*.

3

Tennessee law provides that governmental entities are not immune from suit for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of certain enumerated actions. Tenn. Code Ann. § 29-20-205. Tennessee law also provides that no claim may be brought against an employee for damages for which the immunity of the governmental entity is removed unless the claim is one for health care liability brought against a health care practitioner. Tenn. Code Ann. § 29-20-310(b).

Accordingly, because the immunity of Metro has been removed for negligence claims, Plaintiff may not bring state law negligence claims against Defendant Hall, as an employee of Metro. Defendant Hall's Motion to Dismiss the state law claims is granted, and those claims are also dismissed.

## CONCLUSION

For the reasons stated herein, Defendant Hall's Motion to Dismiss (Docket No. 10) is GRANTED, and all claims against Defendant Hall individually are DISMISSED.

Defendant Hall's Motion to Strike (Docket No. 16) is DENIED, and Defendant Hall's Motion to Stay (Docket No. 24) is DENIED as moot.

IT IS SO ORDERED.

                                                                             */s/ Todd Campbell*
                                                                    TODD J. CAMPBELL
                                                                    UNITED STATES DISTRICT JUDGE